**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**EVANSVILLE DIVISION**

| | | |
|---|---|---|
| **LA SHAUN COOKSEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO.** |
| | ) | |
| **HOUSE INVESTMENTS** | ) | |
| **MANAGEMENT, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.  NATURE OF THE CASE

1.      This is an action brought by Plaintiff, La Shaun Cooksey ("Cooksey"), by counsel, against Defendant, House Investments Management, LLC ("Defendant" or "HI Management") alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C §2000e *et. seq*.

### II.        PARTIES

2.      Cooksey, at all relevant times, performed her job duties and responsibilities within the geographical boundaries of the Southern District of Indiana.

3.      Defendant maintains offices and routinely conducts business within the geographical boundaries of the Southern District of Indiana.

### III.        JURISDICTION AND VENUE

4.      Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. § 1343; and 42 U.S.C. §2000e-5(f)(3).

5.      Defendant is an "employer," as that term is defined by 42 U.S.C. §2000e(b).

6.      Cooksey was an "employee," as that term is defined by 42 U.S.C. §2000e(f).

7.      Cooksey satisfied her obligation to exhaust her administrative remedies having dual filed a Charge of Discrimination (Charge No.24C-2024-00051) with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Evansville Human Relations Commission ("EHRC") against Defendant alleging discrimination based on her race. Cooksey received her Notice of Suit Rights on September 5, 2024, and timely files this action.

8.      A substantial part of the events, transactions, and occurrences concerning this case arose in the geographical environs of the Southern District of Indiana; thus, venue is proper in this court.

## IV.      FACTUAL ALLEGATIONS

9.      Cooksey is a Black individual.

10.      On or about March 20, 2023, Cooksey began working for Defendant as an Assistant Property Manager of the Arbors property.

11.      At all relevant times, Cooksey met or exceeded Defendant's legitimate performance expectations.

12.      On or about February 6, 2024, Cooksey and Defendant's Property Manager, Joanie Evrard ("Evrard"), a White individual, were attempting to determine the correct tenant to whom a charge should be applied. The confusion arose because the tenant had the same last name as their relative, who also resided on the property. Both tenants are of Haitian origin.

13.      Cooksey and Evrard mistakenly charged the incorrect tenant. Shortly thereafter, the tenant who was mistakenly charged arrived at the office to complain.

14.      During this interaction, on or about February 6, 2024, Evrard stated in the presence of Cooksey, "It's not my fault that there are so many cousins with the same last name

2

living on the property." Evrard further stated, "If they all could speak English, then I would be able to understand them."

15.    Cooksey immediately addressed Evrard's comment, pointing out the inappropriateness of her statements.

16.    Cooksey reported Evrard's comments to Defendant's Area Manager, Nicole Bell, a White individual, who subsequently escalated the report to Defendant's Director, Kelly Jones, a White individual.

17.    Shortly after this incident, a Latino applicant came to the office to complete a rental application. At that time, a tenant, Jeanie Gildersleeve ("Gildersleeve"), a White individual, was present in Cooksey's office. Evrard, who was responsible for assisting the applicant, approached Cooksey and Gildersleeve and stated, "They need to learn to speak English."

18.    On or about February 9, 2024, a family arrived at the office to renew their lease. While Cooksey was assisting the family, Evrard approached and asked, "Don't you think migrants coming here need to speak English?" The family responded by informing Evrard that her comment was racist.

19.    Cooksey reported this incident to Defendant's Corporate Office on or about February 12, 2024.

20.    On or about February 15, 2024, when Cooksey arrived at work, she was met by Defendant's Marketing Director and Human Resources Representative, Andrea Beale, a White individual; Steve (last name unknown), a White individual whose position is unknown; and Evrard. During this meeting, Cooksey was informed that her employment was being terminated.

The stated reason for her termination was allegedly for "nodding [her] head."  Defendant's stated reason is pretext for discrimination based on race and retaliation.

## V.        CAUSES OF ACTION

### COUNT I: TITLE VII – RACE DISCRIMINATION

21.    Cooksey hereby incorporates paragraphs one (1) twenty (20) of her Complaint as if the same were set forth at length herein.

22.    Defendant terminated Cooksey's employment on the basis of her race.

23.    Defendant's actions were intentional, willful, and taken in reckless disregard of Cooksey's legal rights as protected by Title VII.

24.    Cooksey has suffered damages as a result of Defendant's unlawful actions.

### COUNT II: TITLE VII – RETALIATION

25.    Cooksey hereby incorporates paragraphs one (1) through twenty-four (24) of her Complaint as if the same were set forth at length herein.

26.    Cooksey engaged in a protected activity when she complained of disparate treatment and less favorable terms and conditions of employment between herself and others outside of her protected class.

27.    Defendant retaliated against Cooksey for engaging in protected activity by terminating her employment.

28.    Defendant's actions were intentional, willful, and taken in reckless disregard of Cooksey's rights as protected by Title VII.

29.    Cooksey has suffered damages as a result of Defendant's unlawful actions.

### VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, La Shaun Cooksey, respectfully requests that this court enter judgment in her favor and award her the following relief:

1.      Permanently enjoin Defendant from engaging in any employment policy or practice that discriminates against an employee based on their race and/or retaliates against any employee after engaging in a protected activity;

2.      Reinstate Plaintiff to the position, salary, and seniority level she would have enjoyed but for Defendant's unlawful employment actions, or award her front pay in lieu thereof;

3.      Award Plaintiff all wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

4.      Award Plaintiff compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

5.      Award Plaintiff compensatory damages for violations of Title VII;

6.      Award Plaintiff punitive damages for Defendants' violations of Title VII;

7.      Award Plaintiff all costs and attorney's fees incurred as a result of bringing this action;

8.      Award Plaintiff pre- and post-judgment interest on all sums recoverable; and

9.      Award Plaintiff all other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

By: _/s/ Andrew Dutkanych III_
Andrew Dutkanych II, Atty No. 23551-49
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, Indiana 46204
Office:         (317) 991-4765
Facsimile:      (812) 424-1005
E-Mail:         ad@bdlegal.com

*Attorney for Plaintiff, La Shaun Cooksey*


## DEMAND FOR JURY TRIAL

Plaintiff, La Shaun Cooksey, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,


By: _/s/ Andrew Dutkanych III_
Andrew Dutkanych III, Atty No. 23551-49
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, Indiana 46204
Office:         (317) 991-4765
Facsimile:      (812) 424-1005
E-Mail:         ad@bdlegal.com

*Attorney for Plaintiff, La Shaun Cooksey*